IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACKARY T. HARRIS, SR.,

      Petitioner,               No. CIV S-06-1212 LKK DAD P

   vs.

SAN JOAQUIN SUPERIOR
COURT, et al.,

      Respondents.        ORDER
                                    /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

        The district court must examine a habeas petition to determine whether the pleading complies with the rules that govern such cases and whether the respondents should be required to file a response. Rules 2 & 4, Fed. R. Governing § 2254 Cases in the District Courts. A federal habeas petition "must substantially follow" either the form appended to the Federal Rules Governing § 2254 Cases or a form prescribed by a local district-court rule. Rule 2(d), Fed. R. Governing § 2254 Cases in the District Courts. In the present case, petitioner has not

1

submitted his petition on a standard form and it is difficult to determine whether petitioner is challenging a parole revocation, the probable cause hearing conducted in connection with a parole violation or a criminal conviction stemming from the same conduct that lead to a parole violation charge.  It is also difficult to determine from the petition if petitioner has exhausted state court remedies.  Therefore, the petition will be dismissed with leave to file an amended petition using the form provided by the court.  Petitioner must answer each question on the form. Moreover, the court may limit its review of the petition for relief to the information on the form only and need not consider any memoranda or attachments to the petition.  See id.

Lastly, petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the service of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

2. The petition, filed on June 5, 2006, is dismissed with leave to file an amended petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended application must bear the docket number assigned this case and must be labeled "Amended Petition;"

3. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form and the form petition for a writ of habeas corpus used by this district;

4. Petitioner's June 5, 2006 request for appointment of counsel is denied without prejudice to a renewal of the request at a later stage of the proceedings; and

/////

1        5. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: June 9, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
harr1212.101a+