IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACKARY T. HARRIS, SR.,

    Petitioner,               No. CIV S-06-1212 LKK DAD P

    vs.

SAN JOAQUIN SUPERIOR
COURT, et al.,                    ORDER AND

    Respondents.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus, pursuant to the court's June 12, 2006 order. Petitioner has paid the filing fee.

        Petitioner was arrested for violation of his parole on December 27, 2005. In his amended petition, petitioner challenges the January 13, 2006 probable cause hearing and his parole revocation hearing which was held on April 11, 2006.[1] Attorney Lori Kelly appeared at the probable cause hearing on behalf of petitioner. Petitioner was incarcerated at that time at the

---

[1] Petitioner does not challenge his March 27, 2006 underlying conviction in the San Joaquin County Superior Court for evading an officer and possession of a controlled substance (meth). He was sentenced pursuant to that conviction to 16 months in state prison.

1

1  San Joaquin County Jail and was not present at the hearing which was held at Deuel Vocational
2  Institution.  At the parole revocation hearing, the hearing panel revoked petitioner's parole and
3  determined that a mitigated sentence should be imposed with petitioner returning to prison for
4  six months and being required to complete a drug treatment program.  (Am. Petition, Attach.
5  "Summary Of Revocation Hearing And Decision" at 3.[2])  Petitioner filed a habeas petition with
6  the San Joaquin County Superior Court requesting that the parole "hold be dropped and that he
7  be continued on parole with certain parole conditions and stipulations."  (Id., Attach., San
8  Joaquin County Superior Court Petition for Writ of Habeas Corups, at 6.[3])  The petition was
9  denied on May 2, 2006.  In the pending amended petition, petitioner claims that his attorney was
10 ineffective when she appeared on his behalf at his probable cause hearing, that petitioner should
11 have been present at that hearing, that the probable cause hearing was untimely under the
12 Valdivia decree, that counsel was also ineffective at his parole revocation hearing, that the
13 revocation hearing was untimely, and that he was denied the right to confront witnesses at his
14 revocation hearing.

15         The exhaustion of state court remedies is a prerequisite to the granting of a
16 petition for writ of habeas corpus.  See 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it
17 must be waived explicitly by the respondent's counsel.  See 28 U.S.C. § 2254(b)(3).[4]  A waiver
18 of exhaustion, thus, may not be implied or inferred.

19         A petitioner satisfies the exhaustion requirement by fairly presenting to the
20 highest state court all federal claims before presenting them to the federal court.  See Duncan v.
21 Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971);
22 Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th

---

[2] Court document 6 at 40.

[3] Court document 6 at 19.

[4] A petition may be denied on the merits without exhaustion of state court remedies.  See 28 U.S.C. § 2254(b)(2).

Cir. 1986). Here, petitioner did not present his claims to the California Supreme Court. In fact, petitioner concedes in his federal petition that he is "appealing the superior court 'denial' of my state writ of habeas corpus on due process violation in Valdivia hearing." (Am. Petition at 2.) Since petitioner has not exhausted state court remedies by presenting his claims to the California Supreme Court, the pending habeas petition should be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that The Clerk of the Court is directed to serve a copy of these findings and recommendations on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's amended petition for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
harr1212.103